**Bertha M. BUTTS, Plaintiff,**

v.

**PROVIDENT MUTUAL LIFE INSURANCE COMPANY OF PHILADELPHIA, Defendant.**

Civ. No. 3806.

United States District Court
S. D. Ohio, E. D.
at Columbus.
April 18, 1956.

Hamilton & Kramer, Joseph R. Hague, Columbus, Ohio, for plaintiff.

Vorys, Sater, Seymour & Pease, Columbus, Ohio, for defendant.

CECIL, District Judge.

This case is before the Court on a motion of the plaintiff and a motion of the defendant for summary judgment.

Sufficient undisputed facts appear in the record to enable the Court to grant final judgment. The undisputed facts, briefly stated, are as follows:

The plaintiff, Mrs. Bertha M. Butts, and one Chester L. Butts, were husband and wife. On or about March 3, 1950, a final judgment and decree of alimony was journalized in the Superior Court of De Kalb County, Georgia, wherein the alimony rights of the parties were fixed. An agreement which was entered into between the parties was made a part of the decree.

By subdivision 4 of this agreement, Chester L. Butts made his wife beneficiary in all insurance policies on his life and particularly policy No. 804070 in the Provident Mutual Life Insurance Company of Philadelphia, which is the subject of this action. In this paragraph it was provided "The designation of the wife as beneficiary in said policies shall be irrevocable except upon the remarriage of the wife, the husband shall have

328

the right to change the beneficiary in said policies.

"All monthly payments that may be made under said policies shall be the property of and be paid to the husband."

The plaintiff was made beneficiary in accordance with the provision of the agreement and Provident Mutual Life Insurance Company of Philadelphia received a copy of the court's order and had knowledge of the rights of the plaintiff. The policy matured on June 27, 1951, and the husband, Chester L. Butts, was to receive $100 per month for the rest of his life and there was a guarantee of one hundred monthly payments. If the husband died before one hundred monthly payments were made, the balance of said payments were to be made to the plaintiff, subject to her being alive and not re-married.

In October of 1951, the husband went to the home office of the defendant insurance company and demanded the cash surrender value of the policy. The husband was advised that the policy could not be surrendered unless the plaintiff executed a certain surrender form.

The defendant company mailed such surrender form to the husband on or about October 9, 1951.

On or about November 8, 1951, the defendant received the executed surrender form, purporting to bear the signature of the plaintiff. The surrender form was not signed by Mrs. Butts and the signature on this form purporting to be hers is a forgery. Upon receipt of this surrender form, the defendant paid to the husband, Chester L. Butts, the commuted cash value of the policy, amounting to $11,774.79 and cancelled the policy.

The plaintiff seeks a mandatory injunction to require the defendant company to reinstate the policy in every particular and to restore to the account of said policy, the sum of $11,774.79, with interest from the eighth day of November, 1951, and to hold and maintain the policy in favor of the plaintiff as the irrevocable beneficiary, subject to the condition that she not remarry.

The defendant claims that the plaintiff has an adequate remedy at law and that the complaint should be dismissed. What counsel for the plaintiff considers an adequate remedy at law is that if the husband should die before one hundred payments are made, the plaintiff could then bring action against the company to require it to pay her the balance of the payments.

This Court does not consider that to be an adequate remedy.

Before the cancelling of the policy, the plaintiff's rights thereunder were to receive the balance of the one hundred monthly payments if Chester L. Butts should die before they were all paid. This was subject only to the condition that the plaintiff should not remarry. These rights were fixed and in the event of the death of Chester L. Butts before the minimum number of payments were made, the plaintiff would be required only to prove the death, her identity and that she had not re-married.

Under the defendant's theory, the plaintiff would have to wait until the death of Chester L. Butts and then seek to prove that the policy had been cancelled by a forged and fraudulent instrument and that she had a right to the proceeds thereof. This is imposing too great a burden upon her. She is entitled now to be put in the same position she was before the surrender form was forged through the fraudulent act of her former husband.

The Court will order the defendant to revoke the cancelling or termination of the policy insofar as it applies to the plaintiff and her contingent right to receive any of the unpaid minimum number of payments in the event of the death of Chester L. Butts.

The Court will further order the defendant to establish a reserve, along with all other policy reserves, sufficient to take care of the plaintiff's contingency. This is only slightly in excess of $4,000 at this time.

The costs will be taxed to the defendant and an order may be drawn accordingly.